1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MICHAEL JOSEPH RINEHART,         )   No. C 11-0812 JSW (PR)
                                      )
12              Plaintiff,            )   **ORDER DENYING MOTIONS TO**
                                      )   **DISMISS AND FOR PRELIMINARY**
13        v.                          )   **INJUNCTION; GRANTING**
                                      )   **MOTION FOR RULING;**
14   MATTHEW CATE, Director of the    )   **SCHEDULING ANSWER AND**
     California Department of Corrections and )   **SUMMARY JUDGMENT**
15   Rehabilitation; A. HEDGPETH, Warden; )   **MOTION**
     K. HARRINGTON, Warden,           )
16                                    )
                Defendants.           )
17   _____ )   (Docket No. 27, 35, 58)

18

19                         **INTRODUCTION**

20        Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42

21   U.S.C. § 1983 against the Warden Kern Valley State Prison ("KVSP"), where Plaintiff

22   was formerly incarcerated, the Warden at Salinas Valley State Prison ("SVSP"), where

23   plaintiff is currently incarcerated, and the Secretary of the California Department of

24   Corrections and Rehabilitation ("CDCR").  The amended complaint was found to state

25   two cognizable claims for relief, and Defendants were served.  Defendants filed a

26   motion to dismiss the complaint, which included an argument that Plaintiff did not

27   exhaust his administrative remedies.  Plaintiff filed an opposition, and Defendants filed

28   a reply.

Pursuant to *Woods v. Carey*, No. 09-15548, slip op. 7871, 7884-85 (9th Cir. July 6, 2012) (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003), Plaintiff was then given the notice and warning regarding motions to dismiss on exhaustion grounds, and he was allowed to supplement his opposition accordingly.  He filed a supplemental opposition, and Defendants filed a supplemental reply brief.

Plaintiff also filed motions for a preliminary injunction and for a ruling on the pending motions.

## DISCUSSION

### I.    Exhaustion

Defendants argue that the case should be dismissed because Plaintiff did not properly exhaust his claims. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Compliance with the exhaustion requirement is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).

California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a).  *Id.*

1   at 1237-38.

2        Nonexhaustion under § 1997e(a) should be raised in an "unenumerated Rule

3   12(b) motion." *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003) (noting that

4   the burden of establishing nonexhaustion falls on the defendants).  In deciding a motion

5   to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court

6   may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If

7   the court concludes that the prisoner has not exhausted California's prison

8   administrative process, the proper remedy is dismissal without prejudice.  *Id.* at 1120.

9        When liberally construed, Plaintiff's allegations in his amended complaint were

10  found to state two cognizable claims for relief.  First, he claims a violation of the Equal

11  Protection Clause based on his allegations that Defendant Harrington placed him on

12  "lockdown" status at KVSP on May 26, 2009, and May 27, 2010, because he is black,

13  and that Defendant Hedgpeth placed him on lockdown at SVSP on July 8, 2010,

14  because he is black.[1]  His second claim is that his Eighth Amendment rights were

15  violated when Harrington deprived him of any outdoor exercise at KVSP between May

16  27 and July 8, 2010, and Hedgpeth deprived him of outdoor exercise at SVSP between

17  July 8 and November 11, 2010.  Both claims were found cognizable against and

18  Defendant Cate based on the allegation that he is responsible for the policy of locking

19  down and depriving inmates of outdoor exercise for long periods of time based on their

20  race.

21       The parties agree that Plaintiff filed grievances through the final level of

22  administrative review complaining about the lockdown at KVSP on May 26, 2009, the

23  lockdown at KVSP on May 27, 2010, and the lockdown at SVSP that Plaintiff

24  experienced when he was transferred there on July 8, 2010.  (*See* Lozano Decl. ¶¶ 8, 9,

25  _____

26       [1]Defendants state that these were not "lockdowns" but rather "modified programs."
    (Wood Decl. ¶¶ 2-3, 6-10.)  At this stage of the litigation, when Plaintiff's allegations must be
27  accepted as true, the Court will use Plaintiff's terminology.

28

Exs. B-D.)  In other words, the parties agree that Plaintiff exhausted his administrative remedies as to the three lockdowns that form the basis of his claims.  Therefore, his claims based upon these lockdowns are exhausted.

Defendants argue that Plaintiff did not exhaust administrative remedies as to lockdowns imposed on other dates.  Plaintiff does not make claims based upon any lockdowns other than the three described above, however.  Whether he exhausted administrative grievances as to other lockdowns is therefore irrelevant.  Moreover, even if Plaintiff had included unexhausted claims about other lockdowns that were not exhausted, this would not warrant dismissal of the entire case.  *See Jones v. Bock*, 549 U.S. 199, 222-24 (2007) (rejecting "total exhaustion-dismissal" rule).

Defendants make a new argument in their reply brief, that the exhausted administrative grievances complaining about lockdowns did not specifically mention the Eighth Amendment or the loss of outdoor exercise, and therefore the Eighth Amendment claims are not exhausted.  To begin with, new arguments raised in a reply brief are not considered.  *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007).  Furthermore, the argument is without merit in any event.  Compliance with the prison's grievance procedural requirements is all that is required by the PLRA to "properly exhaust."  *Jones v. Bock*, 549 U.S. 199, 217-18 (2007).  In California, an inmate is simply required "'to describe the problem and action requested'" in his administrative grievance.  *Morton*, 599 F.3d at 946 (quoting 15 Cal. Code Regs. § 3084.2(a)).  Plaintiff's administrative appeals adequately "describe[d] the problem" of outdoor exercise.  The parties agree that during a lockdown inmates are not allowed outdoor exercise.  By complaining about lockdowns and ask that they cease, the administrative appeals provided sufficient notice to prison officials that Plaintiff was complaining about the conditions of the lockdowns, including not being allowed outdoors for exercise.  Plaintiff need not specifically mention each and every specific aspect of the

4

lock down in order to alert prison officials that he is complaining about the conditions of the lockdowns.  Plaintiff also did not need to cite the Eighth Amendment in his grievances because proper exhaustion does not require an inmate to include legal terminology or legal theories.  *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

The administrative grievances filed by Plaintiff properly exhausted both of the claims raised here.  Defendants' motion to dismiss on exhaustion grounds must therefore be denied.

## III.    Defendant Cate

Defendants argue that Plaintiff's claims against Defendant Cate should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the amended complaint does not state a cognizable claim for relief against him.  Cate was the Secretary of the CDCR at the time of the alleged lockdowns.  A supervisor may be liable under Section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).  A plaintiff must also show that the supervisor had the requisite state of mind to establish liability.  *Oregon State University Student Alliance v. Ray*, No. 10-35555, slip op. 12757, 12786-87 (9th Cir. Oct. 23, 2012).  For claims of invidious racial discrimination, which require specific intent, the supervisor must act with the purpose of violating the plaintiff's constitutional rights.  *Id.* at 12787, 12792.  For Eighth Amendment claims based upon deliberate indifference, supervisor liability is established by showing the supervisor's knowing acquiescence to the violations.  *Id.* at 12787-88, 12793.

Plaintiff's allegations, when liberally construed, are that Cate implemented a policy throughout California's prisons that when there is a violent incident involving an

inmate, other inmates of the same race at that prison are locked down even if they were not personally involved in the incident.  Plaintiff claims that it was pursuant to this policy that the other Defendants locked him down on three occasions despite his lack of personal involvement in the incidents.  If these allegations are true, then Defendant Cate's actions in creating or implementing the policy would have caused the lockdowns of which Plaintiff complains.  Moreover, it could be inferred that Defendant Cate acted with the purpose of discriminating against Plaintiff based upon his race and/or that he knowingly acquiesced in depriving him of outdoor exercise as part of the lockdown. The Court has already determined in conducting a review of the amended complaint pursuant to Section 1915 that Plaintiff's allegations are sufficient to state a cognizable claim for relief, and Defendants offer no reason for changing that conclusion here. Accordingly, Defendants' motion to dismiss the claims against Cate for failure to state a cognizable claim for relief is denied.

**IV.     Qualified Immunity**

Defendants argue that they are entitled to qualified immunity on Plaintiff's claims.  A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The Court has determined that Plaintiff's allegations, when liberally construed, allege violations of the constitutional rights to equal protection and to be free from cruel and unusual punishment.  Defendants posit that the Court must determine whether an inmate has a "clearly established right" not to be placed on a lockdown when violence threatens the institution.  Defendants have offered a declaration describing threats of violence to Plaintiff's prisons at the time of the lockdowns, but such evidence clearly

may not be considered in conjunction with a motion to dismiss under Rule 12(b)(6).[2]  It is certainly clearly established that prison officials may not intentionally discriminate against inmates based on their race, *see Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), which Plaintiff alleges Defendants have done by locking him down because he is black. Similarly, it is clearly established that outdoor exercise is a basic human necessity protected by the Eighth Amendment, which prohibits depriving inmates of outdoor exercise for extended periods of time.  *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993); *see, e.g.*, *Pierce v. County of Orange*, 526 F.3d 1190, 1212 (9th. Cir. 2008) (90 minutes of exercise per week is insufficient).  Defendants could not have reasonably believed that they could intentionally discriminate against Plaintiff solely because he is black, or that they could, without justification, deprive him of outdoor exercise for weeks and months at a time.  As these are the facts alleged in the complaint, and such facts must be taken as true and liberally construed in Plaintiff's favor, Defendants are not entitled to dismissal of the claims based upon qualified immunity.

## V.      Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction requiring Defendants to provide him with ten hours of outdoor exercise per week.  A preliminary injunction requires, among other things, a showing that Plaintiff is likely to succeed on the merits of his claims.  *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). The Ninth Circuit has not specified the "minimum amount of weekly exercise that must be afforded to detainees who spend the bulk of their time inside their cells."  *Pierce v. County of Orange*, 526 F.3d 1190, 1212 (9th. Cir. 2008).  Plaintiff has not shown any likelihood that of success on his claim for ten hours per week of exercise because the amount of outdoor exercise to which he is entitled under the Eighth Amendment is not

---

[2]This is in contrast to the unenumerated Rule 12(b) motion to dismiss on exhaustion grounds discussed above.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

at all clear.[3]  Accordingly, Plaintiff's motion for a preliminary injunction will be denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED (docket number 35), Plaintiff's motion for a preliminary injunction is DENIED (docket number 27), and Plaintiff's request for a ruling on these motions (docket number 58) is GRANTED.

Defendants **shall** file an answer to the amended complaint within **28 days** of the date this order is filed.

No later than **91 days** from the date this order is filed, Defendants shall file a motion for summary judgment  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on plaintiff.  Plaintiff's opposition to the summary judgment motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

//

//

---

[3]It is also not clear whether he remains subject to a lockdown or the deprivation of outdoor exercise, or whether the lockdown has been lifted, in which case the motion would be moot.

8

Along with their motion for summary judgment, Defendants shall proof that they served plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012), and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the time they served him with their motion.  Failure to do so will result in the summary dismissal of the motion without prejudice.

IT IS SO ORDERED.

DATED:  January 28, 2013

_____
JEFFREY S. WHITE
United States District Judge

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MICHAEL JOSEPH RHINEHART,

          Plaintiff,

  v.

MATTHEW CATE et al,

          Defendant.

_____/

Case Number: CV11-00812 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 28, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Michael L. Rhinehart #:C39412
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: January 28, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.